O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ALEXANDER FAVOR,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | NO. CV 15-5681-JGB (JEM)<br><br>**ORDER SUMMARILY DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

On June 29, 2015, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Southern District of California, which was transferred to this Court on July 23, 2015 (the "July 2015 Petition" or "Petition"). For the reasons set forth below, the July 2015 Petition is dismissed without prejudice.

## PROCEDURAL HISTORY

### A. The June 2014 Petition

On May 30, 2014, Petitioner filed a habeas petition in the Southern District of California, which was transferred to this Court on June 4, 2014, Brandon Favor-El v. Daniel Paramo, Warden, Case No. CV 14-4441-JGB (JEM) (the "June 2014 Petition"). In the June 2014 Petition, Petitioner challenges his conviction in Los Angeles County Superior Court Case No. BA285265, and sets forth the following grounds for relief: (1) ineffective assistance of counsel; (2) failure to instruct regarding duress; and (3) prosecutorial misconduct. Petitioner amended his petition on August 25, 2014.

On January 9, 2015, Respondent filed an Answer. On March 5, 2015, Petitioner filed a Reply. Petitioner subsequently filed two motions to amend the petition, both of which were denied on the grounds that the proposed amended claims were unintelligible, vague, and conclusory.[1]

### B.  The July 2015 Petition

In the July 2015 Petition, Petitioner also challenges his conviction in Los Angeles County Superior Court Case No. BA285265. He sets forth the following grounds for relief:

(1) "Ability to provide information with parties involved using sorcery, witchcraft, black magic, voodoo."

(2) "Jury instruction on duress."

(3) "Emergency [sic]. I did not act to commit a crime under duress."

(4) "Equal protection. No defense."

(July 2015 Petition at 6-7.) In support of Ground One, Petitioner attaches a page of handwritten notes, which that are largely illegible and wholly unintelligible. (July 2015 Petition at 6a.) The page purports to be "a list of leads" for Respondent's counsel and appears to include names and contact information obtained from the "Department of Mental Health Records Dept." for people associated with "witchcraft," "voodoo," "dark spirits," "mental manipulation," and so forth. (Id.) Petitioner offers no additional facts or arguments to support his other claims.

///
///
///

---

[1] In addition to the June 2014 Petition and the July 2015 Petition, Petitioner also has filed three other habeas petitions challenging his conviction and sentence in Los Angeles County Superior Court Case Number BA285265: Brandon Alexander Favor v. People of the State of California, Case No. CV 14-0555-JGB (JEM), filed January 23, 2014, and dismissed March 27, 2014, as frivolous; Brandon Alexander Favor v. People of California, Case No. CV 14-6655-JGB (JEM), filed August 25, 2014, and dismissed December 17, 2014, as a futile amendment to the June 2014 Petition; Brandon Favor v. Kamala D. Harris, Case No. CV 15-2918-JGB (JEM), filed April 17, 2015, in the Southern District of California and transferred to this Court on April 20, 2015.

**DISCUSSION**

**A.     Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a habeas petition on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Allegations in a petition that are vague, conclusory, palpably incredible, or patently frivolous or false are subject to summary dismissal. Hendricks, 908 F.2d at 491. "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted).

**B.     Motion to Amend the June 2014 Petition**

In Woods v. Carey, 525 F.3d 886 (9th Cir. 2008), the Ninth Circuit held that, if a prior habeas petition is still pending when a *pro se* petitioner files a subsequent habeas petition attacking the same judgment, the court should not deem the subsequent petition as successive but instead should construe it as a motion to amend the prior petition. Id. at 889-890. Accordingly, under Woods the Court will construe the July 2015 Petition as a Motion to Amend the June 2014 Petition.

Petitioner already amended the June 2014 Petition as a matter of course, pursuant to Fed. R. Civ. P. 15(a)(1). Accordingly, leave of court is required for all other amendments. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. In deciding whether to allow an amendment, the court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir. 1995) (applying Rule 15(a) in a habeas case).

The motion to amend is denied.  The claims set forth in the July 2015 Petition are unintelligible, vague, and wholly conclusory.  Petitioner sets forth no facts to support his stated grounds for relief, and it is impossible to discern the basis for any of his proposed amended claims.  In these circumstances, amendment would be futile.  See Greenway v. Schriro, 653 F.3d 790, 804 (9th Cir. 2011) ("[C]ursory and vague claim[s] cannot support habeas relief."); Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) ("It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" (citing James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)); Hendricks, 908 F.2d at 491 (Summary dismissal is appropriate where allegations are "vague or conclusory," "palpably incredible," or "patently frivolous or false.") (internal quotations and citations omitted); Rules Governing § 2254 Cases, rule 2(c)(2) (petition must "state the facts supporting each ground").

Accordingly, July 2015 Petition should be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has reviewed Petitioner's contentions and is fully apprised of the relevant facts and law.  For the aforementioned reasons, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability.  See 28 U.S.C. § 2253(c)(2).

Accordingly, the certificate of appealability should be denied.

## ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **dismissed without prejudice**;

2. A Certificate of Appealability is **denied**.

DATED: August 10, 2015

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE